**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CARL CHESTER, ) <br> ) <br> Defendant. ) <br> ) | 2:06-CR-309-RCJ-PAL <br><br> **ORDER** |

_____

Currently before the Court is the remaining sentencing issue in Petitioner Carl Chester's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#163). On October 4, 2011, this Court issued an order granting in part and denying in part that motion. (Order (#187) at 1). Specifically, the Court dismissed claims one through eight with prejudice. (*Id.* at 11). With respect to the ninth claim, the Court ordered supplemental briefing on the judgment of conviction that had been allegedly corrected in August 2009. (*Id.*). The Court dismissed all other sentencing claims raised under the ninth cause of action with prejudice. (*Id.*). Pursuant to this Court's order, Petitioner's court-appointed counsel provided supplemental briefing on the corrected judgment of conviction. (Supp. Brief (#189, 191)).

**BACKGROUND**

In April 2007, a jury convicted Petitioner of (1) possession with intent to distribute and distribution of five grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on May 10, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); (2) possession with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectible amount

of cocaine base, also known as crack cocaine, a controlled substance on May 30, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); and (3) possession with intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, also known as crack cocaine, a controlled substance on June 28, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). (Indictment (#1) at 1-2; Jury Verdict (#77) at 1-4). At sentencing, this Court issued an obstruction of justice enhancement to Petitioner and classified him as a career offender based on qualifying convictions from 2001 and 2004. (Sentencing Transcript (#141) at 20, 66-67). Petitioner's career offender advisory guideline range was 360 months' imprisonment to life based on a total offense level of 37 and a criminal history category of VI. (*Id.* at 71). The Court sentenced Petitioner to 264-months' imprisonment for each count to run concurrently with each other based on a variance under the 18 U.S.C. § 3553(a) factors. (Judgment (#133) at 2; Sentencing Transcript (#141) at 82).

In his motion to vacate, Petitioner argued that he was not a career offender because, in August 2009, the state court had corrected an error on his judgment of conviction. (Mot. Vacate (#163) at 27). This Court found that neither Petitioner, nor his court-appointed counsel, had provided any information regarding which judgment of conviction the state court had corrected and that neither had stated whether that judgment of conviction had been one of the offenses used to qualify Petitioner as a career offender. (Order (#187) at 10). The Court ordered Petitioner's court-appointed counsel to provide supplemental briefing on the corrected judgment of conviction. (*Id.* at 11).

**DISCUSSION**

In the supplemental filing, Petitioner argues that this Court used his 2004 conviction for attempted battery with substantial battery harm, a category D felony, as one of the predicate convictions for his career offender designation. (Supp. Brief (#189) at 3). Petitioner asserts that, on August 26, 2009, the state court amended his judgment of conviction to attempted battery with substantial bodily harm, a gross misdemeanor. (*Id.* at 2). Petitioner argues that the Court should re-sentence him because he should not have been classified as a career offender because one of his predicate convictions had been amended to a gross

2

1 misdemeanor. (*Id.* at 5). Petitioner attached a copy of the amended judgment of conviction.
2 (Amended J. Ex. (#191)).

3   The government did not file a response.

4   Pursuant to the federal sentencing guidelines, a "defendant is a career offender if
5 (1) the defendant was at least eighteen years old at the time the defendant committed the
6 instant offense of conviction; (2) the instant offense of conviction is a felony that is either a
7 crime of violence or a controlled substance offense; and (3) the defendant has at least two
8 prior felony convictions of either a crime of violence or a controlled substance offense." USSG
9 § 4B1.1(a). A "prior felony conviction" is "a prior adult federal or state conviction for an offense
10 punishable by death or imprisonment for a term exceeding one year, regardless of whether
11 such offense is specifically designated as a felony and regardless of the actual sentence
12 imposed." USSG § 4B1.2, comment. (n.1). The Ninth Circuit has held that a "defendant who
13 successfully attacks a state conviction may seek review of any federal sentence that was
14 enhanced because of the prior state conviction." *United States v. Hayden*, 255 F.3d 768, 770
15 (9th Cir. 2001) (citing *United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir. 1999)).

16   In this case, the Court classified Petitioner as a career offender based on Petitioner's
17 two prior felony convictions, including his 2004 conviction for "the crime of attempt battery with
18 substantial bodily harm," a Category D felony. (*See* Sentencing Transcript (#141) at 70). At
19 sentencing, the Court noted that the plea agreement for that conviction had informed Petitioner
20 that the state court could "elect to treat [that] offense as a felony or as a gross misdemeanor.
21 If the court elects to treat this offense as a felony [Petitioner] may be imprisoned for a
22 maximum term of not more than four years and as a gross misdemeanor . . . may be
23 sentenced to jail for not more than one year." (*Id.* at 69). At sentencing, this Court noted that
24 the judgment of conviction stated that the offense was a Category D felony. (*Id.* at 70).

25   In August 2009, the state court amended Petitioner's 2004 judgment of conviction to
26 state that Petitioner had pled guilty "to the crime(s) of attempt battery with substantial bodily
27 harm (gross misdemeanor)," in violation of Nevada Revised Statutes §§ 200.481, 193.330,
28 0.060. (Amended J. Ex. (#191) at 2). Pursuant to NRS § 193.140, "[e]very person convicted

3

of a gross misdemeanor shall be punished by imprisonment in the county jail for not more than 1 year . . . unless the statute in force at the time of commission of such gross misdemeanor prescribed a different penalty." Nev. Rev. Stat. § 193.140.

Here, Petitioner's amended judgment of conviction demonstrates that his prior 2004 felony conviction had been amended to a gross misdemeanor, punishable for not more than one year. As such, one of the prior felony convictions that this Court used to classify Petitioner as a career offender no longer qualifies as a "prior felony conviction" under the sentencing guidelines. For that reason, the Court grants Petitioner's motion to vacate (#163) on this issue only. The Court finds that Petitioner is entitled to a re-sentencing on this issue only and directs U.S. Probation to provide an amended PSR in light of the amended 2004 conviction to a gross misdemeanor and the recent crack cocaine amendments to the federal sentencing guidelines.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court GRANTS in part Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#163). Specifically, the Court GRANTS a specific portion of Petitioner's ninth cause of action in his motion to vacate in light of the fact that one of Petitioner's predicate felony offenses that had been used to classify him as a career offender has subsequently been amended by the state court to a gross misdemeanor. The Court finds that Petitioner is entitled to a re-sentencing hearing.

IT IS FURTHER ORDERED that U.S. Probation provide this Court with an amended PSR in light of the amended conviction and the recent crack cocaine amendments to the federal sentencing guidelines.

DATED: This _9th_ day of December, 2011.

_____
United States District Judge